# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL CASE NO. 5:19-cv-00096-MR

ARTHUR EUGENE HARRIS,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　)　　__MEMORANDUM OF__
　　　　　　　　　　　　　　　　　)　　__DECISION AND ORDER__
ANDREW SAUL, Commissioner　　)
of Social Security,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　)
_____　)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 16].

## I.    BACKGROUND

On November 28, 2016, the Plaintiff, Arthur Eugene Harris ("Plaintiff"), filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of January 15, 2016. [Transcript ("T.") at 195]. On the same date, the Plaintiff filed an application for supplemental security income under Title XVI of the Act, again alleging an onset date of January 15, 2016. [T. at 197]. The Plaintiff's claims were

initially denied on March 22, 2017 and upon reconsideration on April 27, 2017. [T. at 134, 147]. Upon the Plaintiff's request, a hearing was held on December 6, 2018 before an Administrative Law Judge ("ALJ"). [T. at 29]. On February 12, 2019, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of January 15, 2016. [T. at 12-28]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-4]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional

investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III.   THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted).  The burden is on the claimant to make the requisite showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant.  Id. (citing 20 C.F.R. § 416.920).  If not, the case progresses to

step two, where the claimant must show a severe impairment.  If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the claimant is automatically deemed disabled regardless of age, education or work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions.  Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634.  If the claimant can still perform his or her past work, then the claimant is not disabled.  Id.  Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.  At

step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged onset date, January 15, 2016. [T. at 18]. At step two, the ALJ found that the Plaintiff has severe impairments including "degenerative disc disease of the lumbar spine with right lower extremity radiculopathy and status post micro lumbar discectomy." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform the full range of sedentary work as
> defined in 20 CFR 404.1567(a) and 416.967(a).

[Id.].

At step four, the ALJ identified the Plaintiff's past relevant work as a forklift operator. [Id. at 22]. The ALJ observed, however, that the Plaintiff is "unable to perform past his relevant work." [Id.]. At step five, the ALJ, considering the Plaintiff's age, education, work experience, and RFC, concluded that a finding of not "disabled" was directed by Medical-Vocational Rule 201.25. [Id. at 23]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from January 15, 2016, the alleged onset date, through February 15, 2019, the date of the decision. [Id. at 24].

## V.  DISCUSSION[1]

As his sole assignment of error, the Plaintiff asserts that the ALJ erred by failing "to conduct a proper function-by-function analysis of [the Plaintiff's] impairments" and, consequently, failed "to provide a logical bridge" between the evidence of record and the Plaintiff's RFC. [Doc. 13 at 6]. According to the Plaintiff, the ALJ's failure to perform a function-by-function analysis of his

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

impairments was error because the objective evidence in his case file supports an RFC restricted to sedentary work activity with additional limitations, which would preclude all competitive work activity. [Id. at 15].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2]  SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

The RFC assessment is formulated in light of a claimant's physical and mental impairments.  Rule 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g.,

---

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

Id. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Here, in formulating the RFC, the ALJ recites, without any analysis, the evidence of record that appears to be supportive of the Plaintiff's impairments and the Plaintiff's testimony, before concluding:

> The claimant's statements about the intensity, persistence, and limiting effects of his symptoms are not fully consistent with the objective medical evidence and clinical impressions noted above. Although the claimant has received treatment for the allegedly disabling impairments, that treatment has been generally routine or conservative in nature. The record also shows that the claimant cancelled or failed to show up for doctor appointments on a number of occasions, which suggests that the symptoms may not have been as serious as has been alleged. In addition, the claimant's testimony that he cannot sit for longer than 45 minutes is inconsistent with testimony from his wife that he was able to ride in a car for over an hour to the hearing. Although the inconsistent information provided may not be the result of a conscious intention to mislead, it indicates that the information provided generally may not be entirely reliable. The claimant's condition may cause him some difficulty, but the record as a whole suggests that the claimant's symptoms are not

9

accurately reported and do not exist at the level of severity alleged. <u>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work.</u>

[T. at 21 (emphasis added)]. The ALJ, however, does not provide any discussion or analysis concerning what objective medical evidence is inconsistent with the Plaintiff's allegations. While it appears that the ALJ sought to account for Plaintiff's physical limitations by restricting the Plaintiff to "sedentary work," the ALJ fails to explain the basis for this restriction or how it accounts for the Plaintiff's physical impairments. Further, the ALJ does not provide any discussion or analysis of the evidence of record *that supports* his conclusion that the Plaintiff can perform the full range of sedentary work. Instead, the ALJ proceeds to weigh the medical opinion evidence as follows:

> As for the opinion evidence, the undersigned <u>gives some weight</u> to the State agency residual functional capacity opinions of record (Exhibits 1A, 2A, 5A, 6A). The State agency evaluators found the [Plaintiff] capable of light work. However, they neither examined the [Plaintiff] nor based their opinions on all of the evidence contained in the record. <u>Viewing the evidence in a light most favorable to the [Plaintiff], the undersigned has provided for additional lifting, standing, and walking limitations.</u> The undersigned is not bound by the findings of the State agency (20 CFR 404.1527e and 416.927e).
>
> <u>Some weight</u> is given to the opinion of the consultative examiner, Dr. Black (Exhibit 6F). Although he opined that the [Plaintiff] was able to

walk 20 yards without pain and could sit for only less than a minute without pain, Dr. Black's opinion was based on a one-time examination conducted while the [Plaintiff] was not taking any pain medication. Moreover, these limitations are not fully consistent with the objective evidence and examination findings elsewhere in the record. <u>Therefore, it is given only some weight.</u> <u>The undersigned has provided for limitations due to pain and the possible effects of pain medication in the above residual functional capacity</u>.

[T. at 22 (emphasis added)]. The ALJ's narrative fails to reconcile the weight purportedly assigned to the various medical opinions and the RFC. Further, the ALJ accorded no opinion from a medical source in the Plaintiff's record "persuasive weight," "great weight," "greatest weight," or "controlling weight," such that it would support his RFC determination. Again, the ALJ does not identify or explain how the limitations are included in the Plaintiff's RFC or how such limitations account for the Plaintiff's lumbar degenerative disc disease, including pain and possible effects of medication. Instead, the ALJ summarily concludes that the RFC accounts for the Plaintiff's physical health impairments as follows:

In summary, the above residual functional capacity assessment is supported by the objective medical evidence, physical examination findings, and the conservative nature of the [Plaintiff]'s treatment. The [Plaintiff]'s impairments are not disabling and would not prevent him from meeting the basic demands of regular work on a sustained basis. The clinical impressions and examination findings are not overly impressive and do not support the degree of

11

limitation that the [Plaintiff] alleges. While the [Plaintiff] may be limited to some degree, the record does not support functional limitations that would preclude regular and continuous work at the sedentary exertion level. Therefore, the undersigned finds that the [Plaintiff] is capable of performing work activity consistent with the residual functional capacity determined above.

[T. at 22].

The ALJ's explanation is lacking in the analysis needed for meaningful review. The ALJ generally describes some of the record evidence, but it is unclear how that evidence supports his conclusions. Further, despite the ALJ's decision referencing limitations included in the RFC related to Plaintiff's symptoms associated with his severe impairments, including limitations accounting for pain and the effects of pain medication, the ALJ fails to identify or provide any discussion of these limitations. Moreover, the ALJ never explains how he concluded — *based on the evidence of record* — that the Plaintiff could actually perform the tasks required of sedentary work. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that [Plaintiff] could perform "medium work" and summarized evidence that [he] found credible, useful, and consistent. But the ALJ never explained how [he] concluded — *based on this evidence* — that [Plaintiff] could actually perform the tasks required by "medium work," such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or

12

standing or walking for six hours."). That is particularly vexing here, where the ALJ mentions that the Plaintiff "testified that, on a bad day, he could not sit for longer than 45 minutes or stand for long periods." [T. at 19]. However, the ALJ later states that the Plaintiff's "testimony that he cannot sit for longer than 45 minutes is inconsistent with testimony from his wife that he was able to ride in a car for over an hour to the hearing." [Id. At 21]. Again, while the ALJ's statement provides a basis for determining that the Plaintiff is not restricted to only forty-five (45) minutes of sitting, this determination alone does not provide an adequate basis of support for the ALJ's conclusion that the Plaintiff could actually perform the tasks required of sedentary work, including standing or walking for up to two hours and sitting approximately six hours in an eight-hour workday, with normal breaks.

A reviewing court cannot be "left to guess about how the ALJ arrived at [his] conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only

recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citation omitted).

Here, the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. Therefore, the ALJ failed to build an "accurate and logical bridge" from the evidence of record to the RFC conclusions. See Monroe, 826 F.3d at 189 (citation omitted).

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all of the relevant evidence, and specifically explaining how he reconciled that evidence to his conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. 12] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 16] is **DENIED**.  Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.  A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 8, 2020

Martin Reidinger
Chief United States District Judge

15